# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 24-1058 |
|---|---|
| Case Name | *Mary Ann Moreno v. Circle K Stores, Inc.* |
| Party or Parties Filing Notice of Appeal Or Petition | Mary Ann Moreno |
| Appellee(s) or Respondent(s) | Circle K Stores, Inc. |
| List all prior or related appeals in this court with appropriate citation(s). | n/a |

**I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.  APPEAL FROM DISTRICT COURT**

        **1.**  Date final judgment or order to be reviewed was **entered** on the district court docket: <u>January 19, 2024</u>

        **2.**  Date notice of appeal was **filed**: <u>February 14, 2024</u>

        **3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): <u>30 days (*see* Fed. R. App. P. 4(a))</u>

            **a.**  Was the United States or an officer or an agency of the United States a party below? <u>No</u>

            **b.**  Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: <u>No</u>

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.  Yes

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   N/A

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?  N/A

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?  N/A

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).  N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

1. Date of the order to be reviewed: _____N/A_____

2. Date petition for review was filed: _____N/A_____

3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____N/A_____

4. Specify the time limit for filing the petition (cite specific statutory section or other authority):
_____N/A_____

**C.** **APPEAL OF TAX COURT DECISION**

1. Date of entry of decision appealed: _____N/A_____

2. Date notice of appeal was filed: _____N/A_____
(If notice was filed by mail, attach proof of postmark.)

3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____N/A_____

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____N/A_____

**II.** **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    **A.** Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____N/A_____

    **B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____N/A_____

    **C.** Describe the sentence imposed. _____N/A_____

    **D.** Was the sentence imposed after a plea of guilty? _____N/A_____

    **E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____N/A_____

    **F.** Is the defendant on probation or at liberty pending appeal? _____N/A_____

    **G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____N/A_____

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

On October 4, 2020, Mary Ann Moreno, who was 72 at the time, was working as a store clerk at a Circle K located in Westminster, Colorado. A man named Tyler Wimmer entered the store and approached the counter. When Ms. Moreno refused to give Mr. Wimmer cigarettes for free, he came around the counter and lunged at Ms. Moreno, making physical contact with her. At that time, Mr. Wimmer had displayed two hunting knives and was acting erratically and threateningly. Believing she was in imminent physical danger, Ms. Moreno flinched and reached out towards Mr. Wimmer to push him away and protect herself, and he left the store. She immediately called the police and reported the robbery. Mr. Wimmer was later charged by the District Attorney's Office with a crime for the attack.

Ms. Moreno had been a Circle K employee for 16 years. On October 6 or 7, Circle K fired her, asserting that she had violated its "Don't Chase or Confront" policy. On August 12, 2022, Ms. Moreno brought claims against Circle K in the District Court for Jefferson County asserting that Circle K engaged in (1) wrongful discharge in violation of public policy and (2) intentional infliction of emotional distress and/or outrageous conduct. On September 9, 2022, Circle K removed this action to United States District Court for the District of Colorado. On January 19, 2024, Judge Nina Wang entered final judgment in favor of Circle K.

Judge Wang declined to recognize the right to self-defense in Colorado as an exception to the at-will employment doctrine, held that Ms. Moreno had not put forth sufficient evidence to show that she was terminated because she was a crime victim, and that Circle K did not engage in outrageous conduct by firing Ms. Moreno shortly after she had been robbed at knifepoint. Judge Wang denied as moot Ms. Moreno's cross-motion for summary judgment regarding the affirmative defense of failure to mitigate.

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

Ms. Moreno appeals the decision of the District Court that Ms. Moreno's termination did not violate public policy in Colorado. Specifically, Ms. Moreno argues that the right to self-defense in Colorado is an exception to the at-will employment doctrine and an employer may not terminate an employee for engaging in pure self-defense. Additionally, Ms. Moreno argues that she was retaliated against as a crime victim and Circle K fired her for being a victim of a crime, which violates public policy in Colorado.

V.  **ATTORNEY FILING DOCKETING STATEMENT:**

Name:  _____Virginia Hill Butler_____  Telephone:  _(303) 578-4400_

Firm:  _____Rathod Mohamedbhai LLC_____

Email Address:  _____vb@rmlawyers.com_____

Address:  ____2707 Lawrence St., Suite 100, Denver CO 80205_____

__s/ *Virginia Hill Butler*_____   ___2/29/2024_____

Signature                                                                                    Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, __Virginia Hill Butler__, hereby certify that on
[attorney for appellant/petitioner]

2/29/2024, I served a copy of the foregoing **Docketing Statement**, to:
[date]

__Tom Carroll__, at __tcarroll@littler.com__
[counsel for/or appellee/respondent]

_____, the last known address/email address, by

__email__.
[state method of service]

s/ Virginia Hill Butler
Signature

2/29/2024
Date

Virginia Hill Butler
Rathod Mohamedbhai LLC
2701 Lawrence St., Suite 100
Denver, CO 80205
Full name and address of attorney